IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GUIDO JAVIER PAZ ANDRADE** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **DAVID O'NEILL, Field Office Director of Enforcement and Removal Operations, Philadelphia Field Office, Immigration and Customs Enforcement, KRISTI NOEM, Secretary, U.S. Department of Homeland Security, PAMELA BONDI, U.S. Attorney General, JAMAL L. JAMISON, Warden of Philadelphia Federal Detention Center** | : : : : : : : : : | **NO. 25-7032** |

## ORDER

**NOW**, this 18th day of December, 2025, upon consideration of Petitioner Guido Javier Paz Andrade's Petition for Writ of Habeas Corpus (Doc. No. 1) and the government's opposition, **IT IS ORDERED** that the petition is **GRANTED**.

**IT IS FURTHER ORDERED** that:

1. Paz Andrade is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2. The government shall release Paz Andrade from custody immediately and certify compliance with this order by filing proof of his release on the docket no later than **10:00 A.M. E.T.** on **December 19, 2025**.

3. The government is temporarily enjoined from re-detaining Paz Andrade for seven days following his release from custody.

4. If the government pursues re-detention of Paz Andrade, it must first provide him with a bond hearing at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

5. The government shall not remove, transfer, or otherwise facilitate the removal of Paz Andrade from the Eastern District of Pennsylvania prior to the ordered bond hearing.

6. If the immigration judge determines Paz Andrade is subject to detention under 8 U.S.C. § 1226(a), the government may request permission to move Paz Andrade if unforeseen or emergency circumstances arise that require his removal from the Eastern District of Pennsylvania. That request must set forth the grounds for the request and a proposed destination.[1]

TIMOTHY J. SAVAGE, J.

---

[1] Paz Andrade, a citizen of Ecuador, entered the United States on March 26, 2024 without inspection. Pet. Writ Habeas Corpus ("Pet.") ¶¶ 1–2, 17, ECF No. 1. He was apprehended by Customs and Border Patrol, placed in removal proceedings, and released the next day on an order of recognizance. *Id.* ¶ 2. He has since attended mandatory check-ins at the Immigration and Customs Enforcement (ICE) office in Philadelphia, Pennsylvania. *Id.* ¶ 3.

Paz Andrade "has lived a productive and law-abiding life" in the United States. *Id.* ¶ 4. He has work authorization, a social security number, and a pending asylum application. *Id.* He is the father of a one-year-old daughter, who is a United States citizen. *Id.*

On December 9, 2025, ICE detained Paz Andrade at his scheduled check-in and he has since been held at the Federal Detention Center in Philadelphia. *Id.* ¶¶ 1, 3, 10. ICE has not set bond, and Paz Andrade has been unable to seek review of his custody determination by an immigration judge. *See* Resp. Opp'n Pet. Writ Habeas Corpus at 3, ECF No. 4 (citing *Matter of Yajure Hurtado*, 29 I. N. Dec. 216 (BIA 2025)).

The government contends that detaining Paz Andrade without a bond hearing is lawful under 8 U.S.C. § 1252(b)(2). *See id.* at 10–16. Section 1225(b)(2) does not apply to individuals like Paz Andrade, who are not actively trying to enter the country, but have been living here for an extended period. *See Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *1, *4–5 (E.D. Pa. Nov. 18, 2025). The provision that applies to Paz Andrade is 8 U.S.C. § 1226(a). That provision mandates a hearing. *See* 8 C.F.R. §§ 1236.1(c)(8), (d).

We have held in a nearly identical case where the parties made the same arguments that detention without a bond hearing violates 8 U.S.C. § 1226(a) and the Due Process clause of the Fifth Amendment. *See Diallo v. O'Neill et al.*, Civ. A. No. 25-6358, 2025 WL 3298003, at *4–6 (E.D. Pa. Nov. 26, 2025). The same reasoning applies here.